```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA JANE JAMISON,

                        Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

20-cv-6888 (NSR)(AEK)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, Lisa Jane Jamison ("Plaintiff"), commenced this action seeking judicial review of a determination of the Commissioner of the Social Security Administration ("SSA" or "Defendant") pursuant to 42 U.S.C. § 405(g) denying her application for social security income ("SSI") benefits under the Social Security Act (the "Act"). Plaintiff filed a motion seeking a court order reversing the SSA's determination and Defendant cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF Nos. 27, 33.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), this case was referred to Magistrate Judge Andrew E. Krause ("Judge Krause"). On July 8, 2022, Judge Krause issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted, and Defendant's cross-motion be denied. (ECF No. 38.) For the following reasons, the Court adopts Judge Krause's R&R in its entirety, without opposition, and remands the matter to Defendant for further proceedings.

## BACKGROUND

    The Court assumes familiarity with the underlying facts and prior proceedings in this case, as set forth in the R&R. Plaintiff timely commenced the instant action on or about August 26, 2020, after the SSA Appeals Council denied her request for review of the Administrative Law Judge's ("ALJ") determination denying her benefits. (ECF No. 1.) On August 30, 2022, Plaintiff moved

seeking reversal of the SSA's determination on the basis that the administrative record did not support a denial of benefits. (ECF No. 27.) On December 12, 2022, Defendant cross-moved for judgment on the pleadings on the basis that the ALJ's finding that Plaintiff is not disabled, and therefore, not eligible for SSI benefits, was supported by the record. (ECF No. 33.) On July 8, 2022, Judge Krause issued the R&R recommending, *inter alia*, that this Court grant Plaintiff's motion, seeking reversal of the ALJ's determination, remand the matter to the SSA for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g), and deny Defendant's motion for judgment on the pleadings. No objection to the R&R has been filed in this matter.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a R&R,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, neither party has filed an objection to the R&R issued by Judge Krause. Accordingly, the Court reviews the R&R for clear error.

The Court finds no error on the face of the R&R and adopts Judge Krause's recommendation in its entirety. Judge Krause properly reviewed the administrative record and determined that Plaintiff's claim was governed by the SSA current regulations concerning the consideration of medical opinion(s). 20 C.F.R. § 404.1520(c). When determining the residual functional capacity ("RFC") of a claimant, the ALJ was no longer required to give the treating physician's expert opinion controlling weight. *David H. v. Comm'r of Soc. Sec.*, No. 20-CV-6357-LJV, 2021 WL 5371464, at *2 (W.D.N.Y. Nov. 18, 2021) citing 20 C.F.R. § 404.1520c(a). An ALJ is required to consider all medical opinions, as presented in the record, and evaluate their weight and persuasiveness based on the following five factors: 1) the amount of evidence the source presents to support his or her opinion; 2) the consistency between the medical opinion and the record; 3) the treating physician's relationship with the claimant, including the length, frequency, purpose, and extent of the relationship; 4) the treating physician's specialization; and (5) any other factors "that tend to support or contradict" the opinion. *Id.* § 404.1520c(c)(1)-(5). As found by Judge Krause, the ALJ failed to properly apply the proper standard when determining Plaintiff's RFC. In particular, the record lacks substantial evidence to support the finding that Plaintiff was capable of "occasionally performing overhead reaching." In light of the ALJ's failure to apply the correct standard, reversal of the ALJ's determination is warranted.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Krause's R&R in its entirety.

Plaintiff's motion seeking reversal of the ALJ's determination is GRANTED and Defendant's cross-motion for judgment on the pleadings is DENIED.  The Clerk of Court is respectfully directed to terminate the motions (ECF Nos. 27 & 33), enter judgment in favor of Plaintiff and remand the matter back to the SSA for further proceedings consistent with the R&R and this order.

Dated:    October 16, 2022
           White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge